US, SSS-24

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

Cause No.: 1222385-D

EX PARTE                     ⟩   IN THE 185th DISTRICT COURT

                               ⟩   OF

ALEX MELVIN WADE, JR.,        ⟩   HARRIS COUNTY, T E X A S
    Applicant.

APPLICANT ALEX MELVIN WADE, JR.,'s STRENUOUSLY OBJECT IN THIS HIS
RESPONSE TO STATE"S ORIGINAL ANSWER NOVEMBER 5th 2015

TO THE HONORABLE JUDGE OF SAID COURT:

Applicant Alex Melvin Wade, Jr., pro se files this his Strenously objection and Response to State's Original Answer dated November 5th, 2015 for good cause as in the following:

I.

Applicant strenously object to State's Original Answer dated November 5th, 2015, page two (2) of the Original Answer three(3) paragraph of that section of the answer.

State contends applicant fourth application for writ of habeas corpus cause number 1222385-D, on Februaryy24th, 2014. The applicant filed an amended application in the instant proceeding on March 26th, 2014.

State has failed and on in an attempt to once again make the record appear other than the actual record should appear. This is to say, Applicant has filed along with the writ application and the amended application an aray of memorandums with evidence in support. Specifically, applicant alleges that he is "Actuallyinnocence of the offense for which he is charged because there is no complainant.

---
* Rec'd on 11/13/15, at Mark W. Stiles.

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

2014, there the State's Motion Requesting Designation of Issues are as follows:

1. Whether the applicant is actually innocent in the primary case;

2. Whether the applicant received ineffective assistance of counsel in the primary case;

3. Whether the evidence was insufficient to convict the applicant in the primary case;

4. Whether the State committed a Brady violation in the primary case; and

5. Whether the state allowed perjuried evidence and false testimony in the primary case.

The record is devoid of any State's reply to any of the unresolved designated claims. Applicant has presented to the Clerk of Counrt, Office of Chris Daniel, Clerk of Harris County, Texas District Court pleadings supported with evidence of his unresolved claims, especially his unresolved claim of "actual innocence' where he contends that there is no complainant. Applicant has directed to Court to the Clerk's Record, Vol. 00004, there the complaint is a complaint used in and from an indictment dismissed against applicant 1116862. Applicant directs the Court to testimony provided by State's Chief Witness, Eitan Price of Western World Insurance Group, where the testimony support the Clerk's Record, there is no complainant nor is there a valid complaint showing that Western World Insurance Group filed a complaintt. (See CR-00328 Ln. 13-24)

Applicant depict to have mounted a credible claim of innocence, applicant has supported his allegations of constitutional error with reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

-2-

or critical physical evidence-which appears to be the case here, that was not presented at trial. To determine whether applicant satisfied the burden, court must make a holistic evaluation of all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial. In a evidentiary, and this Court recommend that one be Ordered, then decide how reasonable jurors, who were properly instructed, would react to the overall, newly supplemented record.

Applicant claim thats unresolved on the "actual innocence," where the complaint filed in the Clerk's Record CR-00004 do not contend Western World Insurance Group filed a complaint.

The Court is aware Texas Law requires that a information must be preceded by, or accompanied by, a valid complaint. Baker v. State, 159 Tex. Crim. 491, 265 S.W. 2d 600. Further Applicant filing as to the "actual innocence" unresoled claim, an indictment not based upon a valid complaint is fatally defective. Baker v. State.

In an evidentiary if applicant can show and State failed to refute the Claim of "actual innocence," based on the indictment which the State went to trial where it based its case as proof where the testimony and evidence proves that applicant commited no offense because there was no offense to commit, the writ must be granted and the conviction reversed. The evidence support a claim of factual innocence of the offense alleged by indictment of "attempted theft."

In light of Schlup v. Delo, 513 U.S. 298, 327(1995), Applicant claim of actual innocence is the gateway to defaultedclaims must be established that,

-3-

in light of new evidence, "it is more likely than not that no reasonable juror would have found him Applicant guilty beyond a reasoanble doubt." See, Bell v. House, 126 S.Ct. 2064, 2076-77(2008)

This Court has considered the rationale of McQuiggin v. Perkins,, 133 S.Ct. 1924(2013), Applicant's evidence, new discovered and relevant evidence attached to pleading filed by applicant in the clerk's office, possess a strong showing of "actual innocence." Applicant applications contain substantive claims in support of the actual innocence, one in specific, ineffective assistance of trial counsel and prosecutional misconduct.

## RECOMMENDATION FOR EVIDENTIARY HEARING

Applicant's filing attached with evidence supporting his claims and this Court is of the opinion and it recommend the Court of Criminal Appeals issue its Order for an evidentiary hearing on applicant unresolved claims as acknowledge by the State's Motion Designating Issue filed by the Office of Devon Anderson District ASttorney for Harris County, Texas, via, Andrew Smith, Assistant District Attorney filed on March 11th, 2014 some 19 months ago. See, Ex Parte Elizondo, 947 SW. 2d 202, 217(Tex.Crim.App.1996).(En Banc)

## ORDER

THE CLERK IS ORDER to prepare an amended transcipt of all papers filed in cause number 1222385-D, and transmit same to the Court of Appeals as provided by Tex. Code Crim. Proc. Ann. art 11.07(West 2013) The amended transcipt shall include certified copies of the following documents:

1. The State's Motion Requesting Designation of issue and a filed stamped filing signed by this Court;

2. Applicant's filing labeled as Exhibits in the Clerk's Record online

-4-

filing labeling the filing as exhibits;

3. Applicant's newly discovered evidence, specifically Exhibit "E," "F" letter from the Office Brownsims, Attorneys At Law, dated July 5th, 2007 and letter dated July 16th, 2007.

4. Applicant's Exhibit Z, Z1 & Z2, Banking Records not presented in the trial; Exhibit U, V, W, Capital One, Exhibit "A-1 thru A-4, and;

5. All pleading under any heading filed in the habeas record.

THE CLERK is further ORDERED to send a copy of this Order to State of Texas, Devon Anderson, District Attorney, c/o Farnaz Faiaz, 1201 Franklin Steet, Suite 600, Houston, Texas 77002.

SIGNED this_____day of _____, 2015.

_____
Susan Brown, Presiding

-5-

NO. 1222385-D

EX PARTE

                X    IN THE 185th DISTRICT COURT

                X    OF

ALEX MELVIN WADE, JR.,
    Applicant.

                X    HARRIS COUNTY, T E X A S

### CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the following:

    Farnaz Faiaz,
    Assistanty District Attorney
    Harris County, Texas
    1201 Franklin, Suite 600
    Houston, Texas 77002

SIGNED this 24th day of November, 2015

Respectfully submitted,

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7636